UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRIET CAPOBIANCO and CARMINE CAPOBIANCO,

                Plaintiffs,

-against-

THE STOP & SHOP SUPERMARKET COMPANY LLC,

                Defendant.

OPINION & ORDER

No. 14 Civ. 6112 (NSR)

NELSON S. ROMÁN, United States District Judge

Plaintiff Harriet Capobiaco's recollection of the scene of an accident, where she allegedly fell on a slippery floor at Defendant The Stop & Shop Supermarket Company LLC's store in New City, New York, varies dramatically from the conditions observed by the supermarket's employees. Defendant seeks summary judgment on Plaintiff's slip and fall negligence claim, but for the reasons discussed below that motion is DENIED.

## BACKGROUND

This Opinion assumes the parties' familiarity with the underlying claims, factual allegations, and procedural history in this matter. To briefly summarize, this action involves an alleged slip and fall at a supermarket in New City, New York. Plaintiff has testified that upon entering the "bottle room"—the area in the supermarket where customers tend to their recycling needs—she noticed a mop and bucket off to the side but continued on, slipped, and fell to the floor. Once she was on the floor, she noticed the entire surface was wet as though it had recently been mopped, and she saw what appeared to be mop lines. Employees of the supermarket have

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/24/2017

testified to assisting Plaintiff after she fell, but none of them witnessed the wet floor or the mopping equipment.

Defendant has now moved for summary judgment on Plaintiffs' claim of negligence, but Plaintiff argues that there are genuine issues of material fact which preclude summary judgment. The motion was fully briefed as of July 25, 2016. (*See* ECF No. 30.)

## STANDARD ON A MOTION FOR SUMMARY JUDGMENT

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence [in] support" of such a contention. Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted).

A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summ. order). Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal quotation marks omitted). The party asserting that a fact is genuinely disputed must support their

assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).

The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted). Similarly, "a party cannot create an issue of fact by submitting an affidavit in opposition to summary judgment that contradicts prior deposition testimony." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 104 (2d Cir. 2010) (citing *Perma Research and Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) (such affidavits "greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact")). But the mere fact that a non-movant's factual allegations in opposition are "self-serving" does not automatically render them insufficient to defeat summary judgment. *Danzer v. Norden Sys., Inc.*, 151 F.3d 50, 57 (2d Cir. 1998). Instead, summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," where "that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250.

**DISCUSSION**

Having reviewed the parties' Rule 56.1 statements, accompanying exhibits and affidavits, and arguments, the Court concludes there are genuine disputes of material fact precluding summary judgment.[1] Defendant argues that Plaintiff has failed to produce any "direct evidence that [an employee] mopped the floor of the bottle room prior to [the] accident" and therefore caused the "alleged wet condition of the floor[.]" (Def. Mot. at 11.) In making this argument, Defendant's summary of Plaintiff's version of the events—and the crucial item omitted from that summary—highlight the disputed fact that precludes granting summary judgment in Defendant's favor. (*See also* Pls. 56.1 Statement ¶¶ 8, 9, 11.)

"To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006) (internal citations and quotations omitted). "With respect to a motion for summary judgment in a slip-and-fall case, 'the plaintiff must demonstrate a genuine issue of material fact that the defendant either *created* the dangerous condition or had *actual or constructive notice* of the condition.'" *Gonzalez v. Kmart Inc.*, No. 13 Civ. 5910 (PKC) (VMS), 2016 WL 3198275, at *3 (E.D.N.Y. June 8, 2016) (quoting *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 318 (E.D.N.Y. 2014)) (emphasis added). "Summary judgment for the defendant . . . is appropriate where a plaintiff has provided no evidence from which it could be inferred that the defendant had even constructive notice of the defect before the plaintiff's injury." *Hassan v. Whole Foods Mkt.*

---

[1] Defendant removed this action to federal court on the basis of diversity. (*See* ECF Nos. 1, 13.) The Court notes that federal procedural law governs the summary judgment process for Plaintiff's state law negligence claims. *See Doona v. OneSource Holdings, Inc.*, 680 F. Supp. 2d 394, 400 (E.D.N.Y. 2010); *see also Decker v. Middletown Walmart Supercenter Store*, No. 15 Civ. 2886 (JCM), 2017 WL 568761, at *2-3 (S.D.N.Y. Feb. 10, 2017); *Gonzalez v. Kmart Inc.*, No. 13 Civ. 5910 (PKC) (VMS), 2016 WL 3198275, at *3 (E.D.N.Y. June 8, 2016). Plaintiffs cite the incorrect state court summary judgment standard in their papers. (*See* Pls. Opp'n at ¶ 4.)

4

*Grp., Inc.*, No. 13 Civ. 6345 (LLS), 2016 WL 3197133, at *2 (S.D.N.Y. June 6, 2016); *see, e.g.*, *Decker v. Middletown Walmart Supercenter Store*, No. 15 Civ. 2886 (JCM), 2017 WL 568761, at *5 (S.D.N.Y. Feb. 10, 2017) ("no evidence that Defendant created the condition, and Plaintiff has not pointed to any circumstantial evidence that would create [such] an inference"); *Gonzalez v. Kmart Inc.*, No. 13 Civ. 5910 (PKC) (VMS), 2016 WL 3198275, at *7 (E.D.N.Y. June 8, 2016) ("a reasonable jury could not conclude that . . . [d]efendant had actual or constructive notice of the particular spill that allegedly caused Plaintiff's injury" since there was no way to determine duration of hazard based on the evidence plaintiff presented).

Defendant accurately summarizes Plaintiff's sworn deposition testimony as follows: after slipping and falling to the floor, she saw, for the first time, moisture on the floor that appeared to be streaks or mop lines; there were no puddles, but the entire floor was wet. (Def. Mot. at 11.) But Defendant ignores Plaintiff's testimony that "she saw a mop and bucket on the right side of the recycling center as she approached the entrance to the center[.]" (*Id.* at 3.) Glossing over the alleged mop and bucket in the room, Defendant contends Plaintiff is merely speculating that "the moisture on the floor . . . was caused by [D]efendant," which is "insufficient to raise a triable issue of fact" on the issue of whether Defendant created the dangerous condition. (*See id.* at 12.)

The fair inference to be drawn from the evidence presented, crediting Plaintiff's version of events, is that the slippery floor was the result of a recent mopping by one of Defendant's employees as evidenced by the mop and bucket in the room. *See Irizarry v.1915 Realty LLC*, 135 A.D.3d 411, 411-12 (1st Dep't 2016) ("[d]efendant's creation of the alleged condition could be reasonably inferred" from plaintiff's "observation that the condition was soapy, dirty, and wet, resembling what one would see when using a dirty mop, and the presence of a mop, bucket, and 'wet floor' sign in the nearby lobby"); *see also Granera v. 32nd St. 99 cent Corp.*, 46 A.D.3d

5

750, 751 (2d Dep't 2007) (plaintiff's testimony "that immediately after she fell, she observed an employee with a mop and a bucket standing a couple of aisles away . . . was sufficient to demonstrate an issue of fact as to whether the defendant may have created the condition which proximately caused the accident"); *cf. Hassan*, 2016 WL 3197133, at *3 ("it may not be pure speculation but a fair inference that the oil, grease, and snow on [plaintiff's] pants had been in the area for an appreciable length of time before he fell").

Indeed, the cases Defendant cites to support its assertion that Plaintiff is engaging in impermissible speculation involved situations where there was no evidence of cleaning equipment at the scene. *See Berg v. Wegmans Food Markets, Inc.*, 242 A.D.2d 861, 862 (4th Dep't 1997) (no evidence of cleaning equipment, but plaintiff made a speculative leap between the presence of sudsy water and recent mopping); *Flahive v. Union College*, 99 A.D.3d 1151, 1153 (3rd Dep't 2012) (no evidence of cleaning equipment present); *Cunningham v. Bay Shore Middle School*, 55 A.D.3d 778, 779 (2d Dep't 2008) (pure speculation that wet floor was the result of recent mopping); *see also Briggs v. Pick Quick Foods, Inc.*, 103 A.D.3d 526, 526 (1st Dep't 2013); *cf. Phillips v. Bronx Lebanon Hosp.*, 268 A.D.2d 318, 320 (1st Dep't 2000) (alleged presence of a mop and bucket were insufficient to create a dispute of fact because the evidence came from self-serving affidavits that contradicted plaintiff's prior deposition testimony).

The Court recognizes that at least three of Defendant's employees have testified that there was no mop or bucket in the bottle room at the time that Plaintiff fell. (*See* Def. Mot. at 4 (citing Hyppolite Tr. 10-11), 6 (citing Abrams Tr. 40-42 (no recollection of a mop or bucket)), 7 (citing DeVries Tr. 11-12); Def. Reply at 3.) Moreover, one of the employees testified that the mop is returned to its storage area after use to avoid accidently getting the floor wet. (*Id.* at 4 (citing Hyppolite Tr. 14-15).) Another noted that the "bottle room is inspected every hour or so"

for any hazards.  (*Id.* at 5 (citing Abrams Tr. 11-13).)  And the same three employees testified that the floor was "clean and dry," "not wet," when Plaintiff fell.  (*See id.* at 5-7.)  But, one of Defendant's employees did testify that the standard practice was to mop the room five to six times a day.  (Pls. Opp'n at ¶ 5.)

As Defense Counsel is surely aware, the Court is not in a position to judge the credibility of the witnesses at summary judgment.  *Anderson*, 477 U.S. at 249 ("the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility).  Construing the evidence presented in the light most favorable to the non-moving party and drawing all reasonable inferences in her favor, a reasonable jury could credit her recollect of the events and return a verdict in her favor.  The discrepancy between Plaintiff's and Defendant's employees' sworn testimony regarding the condition of the floor and the presence of the cleaning equipment in the room amounts to a genuine dispute of material fact which precludes summary judgment.  *See, e.g.*, *DeAngelis v. Am. Airlines, Inc.*, No. 06 Civ. 1967 (NGG), 2010 WL 1292349, at *5 (E.D.N.Y. Mar. 31, 2010) ("A reasonable jury could also conclude that the two individuals [seen] mopping nearby with a bucket also mopped where [plaintiff] fell and created the accumulation of water on which she slipped").

Similarly, Defendant's alternative theory for the cause of the accident, that Plaintiff "slipped on moisture she herself tracked into the recycling center, especially [since] the flip-flops she was wearing were easily subject to slipping off her feet," (Def. Reply at 6), does not negate Plaintiff's version of events but simply presents an alternative for the trier of fact.

Therefore, Defendant's motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion seeking summary judgment in its favor is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 30. The parties are directed to appear for a pre-trial status conference on April 26, 2017 at 12:30 p.m.

Dated: March 24, 2017
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge